UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FACTORY MUTUAL INSURANCE COMPANY,** Successor in Interest to Arkwright Mutual Insurance Company, as Subrogee of Rouge Steel Company,

    Plaintiff,

vs

**FORD MOTOR COMPANY,**

    Defendant.
_____/

00-71308

GEORGE E. WOODS

Case Number
The Honorable

MAGISTRATE JUDGE CARLSON

Demand for Jury Trial

DEAN & FULKERSON, P.C.
ROBERT M. KALEC      (P38677)
801 West Big Beaver Road - Fifth Floor
Troy   MI  48084-4767
(248) 362-1300

- and -

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
RICHARD B. ALLYN
TERRENCE R. JOY
2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis   MN  55402
(612) 349-8500
Attorneys for Plaintiff
_____/

FILED
MAR 14  9 52 AM '00
CLERK
U.S. DISTRICT COURT
EAST. DIST. MICH.
DETROIT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff FACTORY MUTUAL INSURANCE COMPANY ("Factory Mutual"), Successor in Interest to Arkwright Mutual Insurance Company, as subrogee of Rouge Steel Company, by its attorneys Dean & Fulkerson, PC, and Robins, Kaplan, Miller & Ciresi, LLP, states the following as its Complaint against Defendant FORD MOTOR COMPANY ("Ford"):

## PARTIES

1. Factory Mutual is, and at all times material herein has been, a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business in Johnston, Rhode Island. Factory Mutual is authorized to carry on the business of insurance in the State of Michigan and was at all times material herein the property insurer for its named insured Rouge Steel Company ("Rouge Steel").

2. Ford is, and at all times material herein has been, a corporation duly organized and existing under the laws of State of Delaware with its principal place of business in Dearborn, Michigan. Ford Motor Company is engaged in the business *inter alia* of producing, distributing and selling motor vehicles.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1332, in that there is complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4 Venue is proper in this judicial district under 28 U.S.C. §1391(a), in that the Defendant resides in this district and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

5. Factory Mutual's insured, Rouge Steel, is a corporation engaged in the production of steel at the Ford Rouge Industrial Complex in Dearborn, Michigan ("Rouge Complex").

6. On February 1, 1999, and at all times relevant hereto, Rouge Steel had an ownership interest in certain property located within the Rouge Complex, including a Powerhouse, electric

distribution lines, power substations, steam generating and distribution equipment, compressed air generating and distribution equipment, turbo air generating equipment, and city and mill water distribution equipment ("Facilities").

7. On December 15, 1989, Rouge Steel and Ford entered into an agreement known as the Powerhouse Joint Operating Agreement, whereby the parties agreed to jointly operate and maintain the Facilities.

8. Pursuant to the Powerhouse Joint Operating Agreement, Ford agreed to have the sole responsibility for the day-to-day operation and supervision of the Facilities and the supervision of employees of Ford operating the Facilities. Ford also agreed to operate the Facilities in a safe and workmanlike manner.

9. Pursuant to Rider attached to the Powerhouse Joint Operating Agreement, Ford also agreed to the following:

(a) Maintain an effective work force;

(b) Operate the Facilities in a clean, safe and efficient manner as required by all applicable laws, codes, licenses, permits, and requirements of law;

(c) Perform and record periodic operational checks and tests of equipment in accordance with the equipment manufacturers' specifications and applicable laws;

(d) Maintain Facilities' fire protection and safety equipment; and

(e) Comply with all laws and regulations applicable to the performance of the Facilities' operations;

10. On February 1, 1999, Ford employees were performing a shutdown of Boiler No. 6 located in the Powerhouse of the Rouge Complex.

DEAN & FULKERSON
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
FIFTH FLOOR
801 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084-4767
(248) 362-1300

11. While the boiler shutdown was in progress, a series of catastrophic explosions occurred, followed by the fire which killed, injured and severely burned employees within the Powerhouse and caused great damage and destruction to the Facilities, as well as to the surrounding property and business of Rouge Steel.

12. On February 1, 1999, and at all times relevant herein, Factory Mutual was the insurer of Rouge Steel pursuant to a policy of insurance issued by its predecessor in interest Arkwright Mutual Insurance Company.

13. Subsequent to February 1, 1999, and as a direct result of the destruction and damage to the Facilities and surrounding property and business of Rouge Steel at the Rouge Complex, Factory Mutual made payments to Rouge Steel pursuant to its policy of insurance in excess of One Hundred Thirty-Four Million Dollars ($134,000,000). Further, Factory Mutual expects to make future payments to Rouge Steel in amounts yet to be ascertained. As a result of said payments, Factory Mutual has become the bona fide subrogee of Rouge Steel Company.

## COUNT I

### Negligence

14. Plaintiff realleges, adopts and incorporates the allegations set forth above in Paragraphs 1 through 13.

15. Pursuant to its undertakings in the Powerhouse Joint Operating Agreement, Ford owed a duty of care to Rouge Steel to operate, manage, and maintain the Powerhouse in a safe manner so as to avoid injury to the property and business of Rouge Steel.

16. In derogation of its undertakings, Ford and Ford management breached the duty of care in one or more of the following respects:

DEAN & FULKERSON
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
FIFTH FLOOR
801 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084-4767
(248) 362-1300

(a) Contrary to good and safe engineering practices, Ford and its management failed to adopt and enforce written operating procedures for the boiler shutdown process.

(b) Contrary to good and safe engineering practices, Ford and its management utilized inconsistent, incomplete and highly dangerous shutdown procedures.

(c) Contrary to good and safe engineering practices, Ford and its management failed to implement a written checklist protocol to ensure that the shutdown procedure was conducted in a safe and careful manner.

(d) Contrary to good and safe engineering practices, Ford and its management scheduled shutdowns in a manner such that inexperienced operators were placed in positions requiring a high degree of skill and knowledge of shutdown procedures.

(e) Contrary to good and safe engineering practices, Ford and its management assigned shutdown tasks to inexperienced workers without regard to the risks and dangers presented.

(f) Contrary to good and safe engineering practices, Ford and its management failed to maintain the equipment in the Powerhouse, including valves and other controls which confused inexperienced and inadequately trained operators.

(g) Contrary to good and safe engineering practices, Ford and its management failed and neglected to implement a comprehensive lockout, tag out program for boiler shutdown procedures.

DEAN & FULKERSON
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
FIFTH FLOOR
801 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084-4767
(248) 362-1300

(h) Contrary to good and safe engineering practices, Ford and its management failed and neglected to train operators in the proper methods to be followed during lock out tag out procedures.

(i) Contrary to good and safe engineering practices, Ford and its management deliberately and with willful indifference ignored and refused and failed to follow recommendations to implement a lockout tag out program.

(j) Contrary to good and safe engineering practices, Ford and its management failed to train employees to ensure that they would be familiar with shutdown procedures.

(k) Contrary to good and safe engineering practices, Ford and its management failed to implement a policy requiring job briefings to ensure that employees were familiar with their tasks.

(l) Contrary to good and safe engineering practices, Ford and its management failed to periodically test employees to ensure competence and skill with respect to Powerhouse operations.

(m) Contrary to good and safe engineering practices, Ford and its management failed to communicate safety issues through all levels of management.

(n) Contrary to good and safe engineering practices, Ford and its management failed to create a safety and health committee to provide interaction between management and employees to identify, evaluate and control loss exposures.

DEAN & FULKERSON
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
FIFTH FLOOR
801 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084-4767
(248) 362-1300

(o) Contrary to good and safe engineering practices, Ford and its management failed to develop an accident report format to record and identify all accidents and near misses.

(p) Contrary to good and safe engineering practices, Ford and its management placed inexperienced and uninformed employees in an explosive environment without adequate training, briefing, or familiarization with the equipment in the Powerhouse.

(q) Contrary to good and safe engineering practices, Ford and its management failed to keep the Powerhouse in a clean and safe condition, thereby allowing large amounts of explosive coal dust to accumulate throughout the Powerhouse.

(r) Contrary to good and safe engineering practices, Ford and its management operated the Powerhouse in a reckless and dangerous manner and in violation of the state and federal laws, ordinances and rules, including but not limited to MCL 154 §408.1011(a); 29 CFR 1910.269(c)(1)(2)(3); 29 CFR 1910.269(d)(2)(111); 29 CFR 1910.269(a)(2); and 29 CFR 1910.147.

17. The explosions and fire of February 1, 1999, were a direct and proximate result of one or more of the aforesaid acts of Ford and Ford management in the operation, management and maintenance of the Powerhouse.

DEAN & FULKERSON
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
FIFTH FLOOR
801 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084-4767
(248) 362-1300

## COUNT II

### Gross Negligence

18. Plaintiff realleges, adopts and incorporates the allegations set forth above in Paragraphs 1 through 17.

19. The failures delineated in Paragraph 16 and all its subparts constituted gross negligence as defined by law.

20. The explosions and fire of February 1, 1999, were a direct and proximate result of one or more of the aforesaid acts of Ford and Ford management in the operation, management and maintenance of the Powerhouse.

## COUNT III

### Willful And Wanton Conduct

21. Plaintiff realleges, adopts and incorporates the allegations set forth above in Paragraphs 1 through 17.

22. The failures delineated in Paragraphs 16 and all its subparts constituted willful and wanton conduct as defined by law.

23. The explosions and fire of February 1, 1999, were a direct and proximate result of one or more of the aforesaid acts of Ford and Ford management in the operation, management and maintenance of the Powerhouse.

WHEREFORE, Plaintiff Factory Mutual Insurance Company, a successor in interest to Arkwright Mutual Insurance Company as Subrogee of Rouge Steel Company demands judgment against Defendant Ford Motor Company in an amount in excess of One Hundred Thirty-Four

DEAN & FULKERSON
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
FIFTH FLOOR
801 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084-4767
(248) 362-1300

Million Dollars ($134,000,000), together with its costs and interest according to the law, and such further relief as the Court deems just and proper.

          Respectfully submitted,

          DEAN & FULKERSON, P.C.

          */s/ Robert M. Kalec*

          ROBERT M. KALEC   (P38677)
          801 West Big Beaver Road - Suite 500
          Troy MI 48084-4767
          (248) 362-1300
          Attorney for Defendant

          - and -

          ROBINS, KAPLAN, MILLER & CIRESI, LLP
          RICHARD B. ALLYN
          TERRENCE R. JOY
          2800 LaSalle Plaza
          800 LaSalle Avenue South
          Minneapolis MN 55402
          (612) 349-8500

          ATTORNEYS FOR PLAINTIFF

Dated:      March 13, 2000.

## **JURY DEMAND**

NOW COMES PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY, and requests a Trial by Jury in the above action.

        Respectfully submitted,

        DEAN & FULKERSON, P.C.

        */s/ Robert M. Kalec*

        ROBERT M. KALEC   (P38677)
        801 West Big Beaver Road - Suite 500
        Troy MI 48084-4767
        (248) 362-1300
        Attorney for Defendant

        - and -

        ROBINS, KAPLAN, MILLER & CIRESI, LLP
        RICHARD B. ALLYN
        TERRENCE R. JOY
        2800 LaSalle Plaza
        800 LaSalle Avenue South
        Minneapolis MN 55402
        (612) 349-8500

        ATTORNEYS FOR PLAINTIFF

Dated:        March 13, 2000.

DEAN & FULKERSON
ATTORNEYS AND COUNSELORS
PROFESSIONAL CORPORATION
FIFTH FLOOR
801 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084-4767
(248) 362-1300